IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TIDIANE KONE,<br><br>        Petitioner,<br><br>vs.<br><br>ARNALDO HERNANDEZ,<br><br>        Respondent. | No. 3:20-cv-00313-JKS<br><br>ORDER OF DISMISSAL |

On December 16, 2020, Tidiane Kone, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). Docket No. 1. After reviewing the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court determined that the claims raised in the Petition had not be presented properly to the State courts and were therefore wholly unexhausted. Docket No. 3 at 2. The Court further explained that, to raise claims before this Court on federal habeas review, a petitioner ***must*** present those claims to the State courts and allow those courts to decide them in the first instance. *Id.* The Court allowed Kone an opportunity to address his failure to first raise the claims in State courts, and demonstrate why this Court should nonetheless consider his claims.

In response, Kone lists the following as "external factors outside of [his] control" warranting this Court's consideration of his unexhausted Petition: "(A) confessions had been coerced[;] (B) unable to appeal a state court remedy[;] (C) ineffective counsel, no

-1-

communication, no privileged communication of disclosure in the legal proceedings[; and] (D) undue prejudice, the harm that has resulted from a fact-trier's being exposed to evidence that is persuasive but inadmissible, and is depriving me the ability to show 'good cause.'" Kone also attaches documents which indicate that he has attempted to file *pro se* motions for relief in his currently-pending post-conviction proceeding in Alaska Superior Court, Case No. 3AN-18-04627CI. The records of the Alaska State Courts indicate that Kone currently has pending in that case a motion for a representation hearing. *See* https://records.courts.alaska.gov/ (Case No. 3AN-18-04627CI).

As this Court previously explained, a state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is appropriate, because "state courts, like federal courts, are obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

To exhaust their federal claims, a would-be habeas petitioner must finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.* at 845. A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua sponte* authority to examine the question of exhaustion at this stage of review. *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been exhausted even if the state does not raise the issue").

Kone does not dispute that he has failed to exhaust the claims raised in the instant Petition by presenting them to the state courts. Nor does he demonstrate that a fundamental miscarriage of justice would result if the Court declined to consider his unexhausted Petition, or

that he is actually innocent of the crimes for which he was convicted. Indeed, he fails to allege any facts that would support colorable arguments of cause and prejudice or actual innocence.

As the Court noted in its Order to Show Cause, it appears that these claims may be procedurally defaulted in the Alaska state courts because it appears to have been more than one year since the judgment and sentence became final and a new filing would constitute a successive application. See A.S. 12.72.020 (allowing defendants to file a petition within one year form the date their appeal is final); A.S. 12.72.020(a)(6) (mandating that a party may not bring a post-conviction relief application under the statutes or criminal rules if the party has previously filed such an application). "[A] federal district court should dismiss a wholly-unexhausted habeas petition with prejudice where it is clear that state law will no longer permit petitioner to exhaust the claims therein." *Fisher v. Clark*, No. CV 13-08600, 2014 WL 1457816, n. 8 (C.D. Cal. April 14, 2014) (citing *Murphy v. Mahoney*, 308 F. App'x 45, 45–46 (9th Cir. 2008) ("Since the time for filing a state post-conviction relief petition has long since passed, Murphy cannot return to state court to exhaust his claims. Thus, Murphy is procedurally barred from asserting is claims in federal court, and no exception exists that would excuse his failure to file a petition earlier.")) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

While it appears possible that Kone may be procedurally barred from bringing the instant claims in state court, the record here does not permit the Court to conclude that Kone is foreclosed, as a matter of state law, from exhausting the claims raised in the Petition. Furthermore, as noted above, the record in Superior Court Case No. 3AN-18-04627CI indicates that Kone may soon be proceeding *pro se* in that case, which may allow him to raise the instant claims in that proceeding. In the event Kone intends to attempt to pursue these claims, or is in the process of pursuing them, a dismissal without prejudice here allows him the opportunity to do so.[1]

---

[1] Mr. Kone is reminded, however, that he should not return to this Court until he has fully exhausted any claims he wishes to raise in this Court by presenting them *first* to the Alaska state courts.

**IT IS THEREFORE ORDERED:**

1. The Petition is **DISMISSED WITHOUT PREJUDICE.**

2. All pending motions are **DENIED AS MOOT**.

3. The Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability must also be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

4. The Clerk of Court is respectfully directed to enter final judgment in this case.

Dated at Anchorage, Alaska this 25th day of January, 2021.

s/James K. Singleton, Jr.<br>
JAMES K. SINGLETON, JR.<br>
Senior United States District Judge